**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GISELA GONGORA GOMEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-933-SLP |
| | ) | |
| WARDEN | ) | |
| Diamondback Correctional Facility, et al., | ) | |
| | ) | |
| Respondents. | | |

**O R D E R**

Petitioner, Gisela Gongora Gomez, proceeding pro se[1], filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 12] (R&R) of United States Magistrate Judge Amanda L. Maxfield. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 13]. The matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R, in part, and GRANTS, in part, the Petition.

---

[1] As a pro se litigant, Petitioner is entitled to a liberal construction of her Petition. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Petitioner claims, in part, that she is "entitled to an individualized bond hearing" and, as relief, requests such hearing "before an immigration Judge within a reasonable time of 72 hours[.]" Pet. [Doc. No. 1] at 6-7.

## I. Background

Petitioner, a citizen of Cuba, entered the United States without inspection on or about November 27, 2022. That same day, Petitioner was placed by Immigration and Customs Enforcement (ICE) into removal proceedings through the issuance of a Notice to Appear, alleging she was an alien present in the United States who had not been admitted or paroled. On December 6, 2022, Petitioner was released from ICE custody on an Order of Release on Recognizance, pursuant to 8 U.S.C. § 1226.[2]

On January 13, 2026, Petitioner was served with a second NTA alleging she was an alien present in the United States who had not been admitted or paroled and was subsequently re-detained. Petitioner requested a bond hearing but the immigration court claimed it did not have jurisdiction to re-determine Petitioner's custody status because she was detained pursuant to § 1225. When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma.

On April 28, 2026, Petitioner filed this action, in-part, claiming a violation of her Fifth Amendment due process rights. She states that her detention "has been imposed without a meaningful opportunity to challenge its basis, without any articulated justification, and without an individualized determination that detention is necessary." Pet.

---

[2] Courts have found that a release on one's own recognizance is a type of conditional parole that is granted pursuant to 8 U.S.C. § 1226. *See Singh v. Noem*, 824 F. Supp. 3d 1197, 1212 (D.N.M. 2026) ("Release on one's own recognizance is a form of conditional parole under § 1226(a)(2)(B)."); *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a).); *see also In re Cabrera-Fernandez*, 28 I. & N. Dec. 747, 747 (B.I.A. 2023) ("[They were] released on their own recognizance pursuant to DHS' conditional parole authority under ... 8 U.S.C. § 1226(a)(2)(B).")

[Doc. No. 1] at 10. Petitioner also argues that "Section 1225 does not authorize arbitrary re-detention after release" but, nevertheless, states that she does not invoke "any statutory entitlement to release." *Id.* at 14. Finally, Petitioner argues that her detention lacks a valid regulatory purpose. As relief, Petitioner asks the Court to order her immediate release from custody under appropriate conditions. Respondents object to the R&R to the extent that it analyzes Petitioner's due process claims.

## II. <u>Discussion</u>

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within seven (7) business days or, in the alternative, for Respondents to release Petitioner from custody.

As an initial matter, the Court concurs with the Magistrate Judge's findings that § 1226(a) governs Petitioner's detention and rejects Respondents' interpretation of §§ 1226(a) and 1225(b)(2)(A). Under Tenth Circuit law, § 1226(a) governs the detention of immigration detainees who are similarly situated to Petitioner. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026) (holding that "§ 1225(b)(2)(A)'s application is limited to the border").[3] *See also* Resp. Obj. [Doc. No. 13] ("Respondents respectfully submit that this matter is controlled by the Tenth Circuit's opinion in [*Quiroz*].")

---

[3] The majority of Circuit Courts, including "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior." *Id*. at 1235 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia*., 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

The Court now turns to Petitioner's due process claim, to the extent that she raises a procedural due process claim.[4] In determining whether Petitioner's due process rights were violated, the Court must consider (1) whether the Petitioner possesses a protected property or liberty interest to which due process protections apply and, if so, (2) whether they were afforded an appropriate level of process. *Al-Turki v. Tomsic*, 926 F.3d 610, 614 (10th Cir. 2019). Upon the Court's de novo review of the Petition, the Court finds that Petitioner has a protected liberty interest in her conditional release on her own recognizance. *See Singh*, 824 F. Supp. 3d at 1210-11 (finding that a § 2241 petitioner, previously released on their own recognizance, had a liberty interest in their conditional parole); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026) (same); *see also Morrissey v. Brewer*, 408 U.S. 471, 485 (1972) (finding that "those released on criminal parole are entitled to due process before having their parole revoked."); *Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) (". . .[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent.")

Having found that the Petitioner has a protected liberty interest arising from her release on her own recognizance, the Court must then determine what level of process is owed to the Petitioner. *See Tomsic*, 926 F.3d at 614. Petitioner's position is that the

---

[4] Liberally construing the Petition, the Court finds that Petitioner, in-part, raises a procedural due process claim. She states "that deprivation of liberty be grounded in reason, supported by facts, and subject to meaningful review." Pet. [Doc. No. 1] at 10. She further states that "where detention is imposed without individualized findings, without explanation, and without a demonstrated connection to a legitimate governmental objective, it ceases to be constitutionally permissible." *Id.*

appropriate level of process owed is her release from detention. However, on the immediate record, the Court finds that the appropriate relief is for Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226. *See Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an [immigration judge]."); *Ochilov v. Grant*, 2026 WL 1896139, at *2 (finding that the appropriate remedy for a § 2241 Petitioner's due process claim is a bond hearing under § 1226.); *Chiliquinga Sigcho v. Blanche*, No. 1:26-CV-00252-WJ-GBW, 2026 WL 2018492, at *1 (D.N.M. July 13, 2026) ("Petitioner requests immediate release. The Court concludes, however, that the appropriate remedy is to afford Petitioner the process to which he is entitled under § 1226.); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 12] is ADOPTED IN PART, to the extent it finds that § 1226(a) governs Petitioner's detention.

IT IS FURTHER ORDERED that the Petition, [Doc. No. 1], is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if she has not received a proper bond hearing within that period.[5]

---

[5] Since the Court provides Petitioner with bond hearing pursuant to § 1226, the Court declines to address Petitioner's remaining claims.

A separate judgment shall be entered.

IT IS SO ORDERED this 12th day of August, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**